UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 FEB 14 AM 10: 56

CLERK

BY _____

DEPUTY CLERK

THERESA S.,                                    )
                                               )
        Plaintiff,                             )
                                               )
        v.                                     )    Case No. 2:17-cv-122
                                               )
COMMISSIONER OF SOCIAL SECURITY,               )
                                               )
        Defendant.                             )

## ENTRY ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES
(Doc. 30)

Plaintiff Theresa Sinclair brought this action for Social Security Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under 42 U.S.C.

§ 405(g) of the Social Security Act to reverse the decision of the Social Security

Commissioner (the "Commissioner") that she was not disabled. On April 1, 2019, the

court granted Plaintiff's motion to reverse the decision of the Commissioner and

remanded the action for further administrative proceedings. Plaintiff and the

Commissioner stipulated to a fee award of $6,950.00 pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412, which the court approved on July 18, 2019.

On September 20, 2022, the Social Security Administration ("SSA") favorably

adjudicated Plaintiff's claim and issued Plaintiff a Notice of Award which advised her

that she was entitled to past due benefits in the amount of $89,516.00. The SSA further

advised that it had withheld $22,379.00 from her benefits to pay a possible attorney fee

request.

On September 28, 2022, Plaintiff timely filed an application in this court for

$22,379.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), representing twenty-five

percent of past due benefits owed to Plaintiff from July 2014 through September 2022,

the period of time covered in this remand decision. (Doc. 30.) In support of the application, Plaintiff's attorney submitted a declaration wherein he asserts he expended 20.8 hours of attorney time and 29.85 hours of paralegal time in pursuing Plaintiff's appeal. Plaintiff's attorney's normal billing rate is $350.00 an hour and his paralegal's normal billing rate is $105.00 per hour. Without any reduction of hours incurred, normal billing rates result in fees of $13,534.25, slightly more than half of the fees requested.

As an exhibit to his declaration, Attorney Jackson submits a copy of the fee agreement between Plaintiff and the Law Firm of Jackson & MacNichol, wherein Plaintiff agreed to a contingency fee of twenty-five percent of any past-due benefits awarded. *See* Doc. 30-4 at 2. Plaintiff's attorney acknowledges "[f]rom any award which exceeds the amount of $6,950.00 previously awarded as EAJA fees in this case counsel [must] remit to [Plaintiff] the smaller of the two awards." (Doc. 30 at 5.)

On October 12, 2022, the Commissioner filed a response to Plaintiff's application and asked the court to decide whether the fee requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (ruling the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, [he or] she plays a part in the fee determination resembling that of a trustee for the claimants."). Plaintiff has not filed a reply. The Commissioner does not contest the proposed paralegal billing rate or the number of hours the paralegal expended, and the court finds them reasonable. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (holding "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates"); *Garcia v. Comm'r of Soc. Sec.*, 2022 WL 1684280, at *2 (S.D.N.Y. May 26, 2022) (finding paralegal rate of $100.00 per hour reasonable). Accordingly, the only issue is the reasonableness of the attorney's fees.

When a claimant prevails on his or her appeal of the Commissioner's disability determination in federal court, 42 U.S.C. § 406(b) allows the court to award the attorney who represented the claimant "a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not

2

displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" provided the agreements do not award fees in excess of twenty-five percent of past-due benefits. *Gisbrecht*, 535 U.S. at 807; *see also Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990) ("[Section] 406(b) does not invalidate all contingent fee arrangements—it merely sets their upper limit[.]"). A contingent-fee agreement that awards the full twenty-five percent of past-due benefits or less may therefore be approved under § 406(b) if the claimant's attorney demonstrates "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In determining reasonableness, the court looks "first to the contingent-fee agreement, then test[s] it for reasonableness . . . based on the character of the representation and the results the representative achieved." *Id.* at 808. Although the court "must give due deference to the intent of the parties," it should not "blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. The agreed-to fee may be appropriately reduced if the "benefits are large in comparison to the amount of time counsel spent on the case[.]" *Gisbrecht*, 535 U.S. at 808; *see also Wells*, 907 F.2d at 372 (holding courts should consider, among other things, "whether the requested amount is so large as to be a windfall to the attorney"). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells*, 907 F.2d at 372.

Applying these principles to the record before the court, the contingent-fee agreement Plaintiff signed provides for the maximum permissible fee award of twenty-five percent of past-due benefits, and Plaintiff's attorney requests the full twenty-five percent contingency fee in the amount of $22,379.00. This results in a *de facto* hourly billing rate for Plaintiff's counsel of $925.23 per hour, more than twice Plaintiff's attorney's normal billing rate of $350.00 per hour. *See Gisbrecht*, 535 U.S. at 808 (holding the requesting attorney's "record of the hours spent representing the claimant and a statement of [his or her] normal hourly billing charge for noncontingent-fee cases"

3

may serve "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement").

The issues raised before this court were not particularly complex. Attorney Jackson's time records reveal that the majority of his hours pertained to reviewing and editing the work of his paralegal, who reviewed the administrative record and researched and drafted a fourteen-page motion to reverse the decision of the Commissioner. There is no evidence that the paralegal's time resulted in a duplication of efforts and it may have, instead, reduced the number of attorney's hours required. Although substantial for a single motion, the court does not find the overall hours incurred excessive.

Plaintiff's attorney accepted the risks of representation and the court does not question the quality of his work. *See Wells*, 907 F.2d at 371 (recognizing "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment"). According to the 2020 Fiscal Year Congressional Justification from the SSA, Social Security claimants in district courts have approximately a fifty percent likelihood of success on their motions to reverse.[1]

Plaintiff's attorney requested two extensions of deadlines but did not materially delay the proceedings. His advocacy on behalf of his client was persuasive. *See Josyln v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (considering in determining reasonableness of fee "whether the attorney's efforts were particularly successful" and "whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research"). In part, because of her attorney's efforts, Plaintiff recovered an award of $89,516.00 in past-due benefits. This is a significant victory that should be reflected in any fee award. In addition, the

---

[1] *See* SOCIAL SECURITY ADMINISTRATION, OFFICE OF DISABILITY PROGRAM MANAGEMENT INFORMATION, FY 2020 CONGRESSIONAL JUSTIFICATION 174 (Jan. 15, 2019), https://www.ssa.gov/budget/FY20Files/FY20-JEAC_2.pdf.

4

Commissioner concedes that there is "no evidence of fraud or overreaching" and the court so finds. (Doc. 32 at 4.)

Based upon the foregoing, the court concludes that while the number of hours incurred is reasonable, an hourly billing rate in excess of twice the attorney's normal billing rate and approaching $1,000.00 an hour is unreasonable for the limited, albeit successful, work performed. In light of these considerations, the court reduces the attorney's fee award to a *de facto* hourly billing rate of $500.00, which is in excess with the average rate charged by experienced attorneys in Vermont,[2] and in excess of Attorney Jackson's normal billing rate. This fee satisfies the underlying objective of "assist[ing] social security claimants to obtain effective representation[,]" *Wells*, 907 F.2d at 371, recognizes Plaintiff's counsel's efforts on his client's behalf, credits the contingent nature of the attorney's fee agreement, and ensures that the fee award is not unjust or unreasonable for the work performed.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 30.) The court finds a reasonable attorney's fee award is $13,534.25 comprised of the following: $10,400.00 attorney's fees and $3,134.25 paralegal fees. In paying the award, the Commissioner is hereby ORDERED to reflect the $6,950.00 in EAJA fees previously awarded. *See Josyln*, 389 F. Supp. 2d at 457 ("[I]f an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant."). The remaining amount withheld shall be paid

---

[2] *See, e.g.*, *Jennifer W. v. Comm'r of Soc. Sec.*, 2020 WL 13608038, at *4 (D. Vt. Oct. 8, 2020) (concluding effective hourly rate of $222.22 was reasonable); *Jose C. v. Comm'r of Soc. Sec.*, 2019 WL 2950074, at *3 (D. Vt. July 9, 2019) (finding fee award of $255.86/hour was "reasonable" and "not so large as to constitute a windfall"); *Tamara B. v. Berryhill*, 2018 WL 3085200, at *4 (D. Vt. June 22, 2018) (determining "an effective 32% premium" above counsel's hourly rate was "reasonable" and "adequate compensation for the risk he bore in undertaking representation of the Plaintiff"); *see also Rivera v. Berryhill*, 2018 WL 2436942, at *2-3 (E.D.N.Y. May 30, 2018) (reducing fee award from $34,547.25 for 39.5 hours worked ($874.61/hour) to $19,750.00 ($500.00/hour), which was "more than double" the attorney's hourly rate).

to Plaintiff.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of February, 2023.

Christina Reiss, District Judge
United States District Court